MAGDALENA FREY v. THE GERMANIA LIFE INSURANCE CO.

*Life insurance—Suicide.*

An insurance policy limiting the payment, in cases of insane suicide, to the legal reserve, is valid if not prohibited by law, and if the reserve is ascertainable.

Case made from Kent. (Montgomery, J.)    Jan. 14.— January 21.

ASSUMPSIT.    Defendant had judgment.    Affirmed.

*D. E. Corbitt* for plaintiff appellant.

*Roger W. Butterfield* for defendant.

CAMPBELL, J.    Plaintiff sued defendant on a life insurance policy upon the life of her husband Adam Frey, who committed suicide while of unsound mind.    The only question in the case is whether this, under the terms of the policy defeated her right of recovery for any more than the amount allowed as legal reserve.    The court below confined the recovery to that amount.    The sum insured was $1000, but the reserve amounted to $201.38.

The policy, after other recitals and provisions, contained several clauses declaring under what circumstances it should be avoided.    Among these was the following:

" If the person aforesaid shall die by suicide, or by his own hand, or in consequence of an attempt to commit suicide, or to take his own life : provided, however that if any of these acts be committed while in a condition of mental derangement or insanity, the company agree to pay upon the return of the policy thus avoided, the full legal reserve thereof."

It was stipulated on trial that Frey's death was by suicide while in a state of mental derangement or insanity, and that the reserve was the sum before referred to, which was paid into court with costs.

·It was not urged on the argument that it was beyond the legal power of insurance companies to make qualified insurance policies which should not cover death by suicide during insanity. It is unquestionably true that any clause involving forfeiture should be construed somewhat strictly. But it seems generally conceded that parties may stipulate what risks shall be covered by the policy, and if the terms of the instrument are not ambiguous, they will be enforced.

We do not discover any difficulty in ascertaining the meaning of this policy. It very plainly excepts every kind of suicide from the full protection of the insurance, and in favor of insane persons secures to their beneficiaries a smaller amount which appears to be intended to restore in whole or in part the premiums paid. It does not differ in principle from provisions which should exclude from benefits death by particular diseases or accidents, which may involve no fault on the part of the decedent, but which may be a risk the company prefers not to take. This can no doubt be done where there is no legal provision to the contrary. Nothing in our insurance laws has been pointed out which forbids it.

The fact that the policy does not declare what this reserved sum shall be, does not render the clause void provided it is ascertainable. We are not informed what rule is applied for ascertaining it, but the parties have agreed what it should be, and therefore we must assume there are means of ascertainment.

There was no error in the conclusion of the court below, and the judgment must be affirmed.

The other Justices concurred.